## GREGORIO MENDEZ, Complainant,

*v.*

## DIONISIO TRIGO ET AL., Dfts.

---

San Juan, Law, No. 263.

As to New Trial for Evidence in Jury Room.

Practice—Evidence in Jury Room.

> The fact that articles produced before the jury but not introduced in evidence were by mistake placed in the jury room, with no showing that the jury made any use thereof after their retirement, will not be ground for new trial under Judicial Code, § 269.

Opinion filed April 8, 1919.

---

*Mr. H. R. Francis* for plaintiff.

*Mr. Charles Hartzell* for defendants.

Hamilton, Judge, delivered the following opinion:

The ground laid for new trial in this case is that the net exhibited to the jury, but not introduced in evidence, was by the bailiff put in the jury room, accessible to the jury. It is not shown that the jury examined the net in any way. Reliance is had upon the fact that the net, although used and handled by witnesses in the presence of the jury during both days of the trial, was not used or admitted in evidence, and so it is claimed that its admission into the jury room was an error.

Mendez v. Trigo.

There is no doubt that the bailiff made a mistake in placing the net in the jury room. Only the pleadings and evidence actually admitted should be taken in by the jury on its retirement, and it was a grave error on the part of the bailiff to place in the room what had not been admitted in evidence. If he was in doubt he should have applied to the court or at all events to the clerk. He did not do this, but took the responsibility himself, remembering that the net had been in court and supposing it had been admitted in evidence. If a new trial should be granted because of this mistake, it would be a serious question whether he should not pay the costs thereof.

Whatever might have been the old rule on the subject of presumption of error, however, has all been changed by an Act of Congress of February 26, 1919, admitting the rule prevalent in many states, that not only courts of appeal but the trial courts on a motion for a new trial will not grant the application unless convinced that the error complained of worked actual damage, and that if substantial justice has been done, errors intervening will not be regarded. The statute amends § 269 of the Judicial Code, and reads as follows:—

"Section 269. All of the said courts shall have power to grant new trials, in cases where there has been a trial by jury, for reasons for which new trials have usually been granted in the courts of law. On the hearing of any appeal, certiorari, writ of error, or motion for a new trial, in any case, civil or criminal, the court shall give judgment after an examination of the entire record before the court, without regard to technical errors, defects, or exceptions which do not affect the substantial rights of the parties." [40 Stat. at L. 1181, chap. 48, Comp. Stat. § 1246.]

It is of course possible that the plaintiff could have made some objection to the net which would have excluded it from admission. None, however, had been mentioned and none appears to the court. The net was thoroughly identified by several witnesses and was in the visible presence of the jury for both days of the trial. Moreover, there is nothing whatever to show that the jury ever took the net from under the seat in the jury room where the bailiff had placed it.

It would be going very far under the provisions of the act of Congress, above mentioned, to say that any damage accrued to the plaintiff under the circumstances.

It follows, therefore, that the motion should be denied.

It is so ordered.